[600 NYS2d 467]

In the Matter of R. SCOTT DALY (Admitted as ROBERT SCOTT DALY), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, July 19, 1993

APPEARANCES OF COUNSEL

*Robert H. Straus,* Brooklyn *(Diana J. Szochet* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

In this proceeding, the respondent was charged with eight allegations of professional misconduct. The Special Referee sustained all eight charges. The petitioner moves to confirm the Special Referee's report. The respondent has neither cross-moved nor submitted papers in opposition to the petitioner's motion to confirm.

Charge One alleged that the respondent mishandled client funds after being retained, in or about March 1988, to represent Susan Geris in connection with an accident case. On or about November 9, 1990, the respondent received check No. 0393103, drawn by Empire Insurance Group to the order of Susan Geris and R. Scott Daly, as attorney, in the sum of $10,000, in settlement of the claims of Susan Geris. On November 23, 1990, the respondent deposited the check into his own general business account at Norstar Bank, entitled "R. Scott Daly Attorney at Law".

Charge Two alleged that the respondent converted client funds to his own use by depleting the funds entrusted to him as attorney for Susan Geris. The respondent's Norstar account had a negative balance of $143.90 on February 22, 1991.

Charge Three alleged that the respondent failed to maintain required bookkeeping records pertaining to client funds entrusted to him. Commencing on or about February 28, 1989, the respondent maintained an escrow account at Norstar Bank, denominated "R. Scott Daly Attorney Trust Account". The respondent failed to maintain a ledger book or similar record for the account, which would show the source of all funds deposited, the names of the persons for whom the funds were held, the amount of such funds, charges or withdrawals, and the names of all persons to whom the funds were disbursed.

Charge Four alleged that the respondent failed to produce required financial records lawfully requested by the petitioner

Grievance Committee. From April 10th through May 29, 1991, the petitioner requested that the respondent produce his original escrow records, including but not limited to bank statements, cancelled checks, and deposit slips. The respondent failed to produce the requested records.

Charge Five alleged that the respondent was guilty of conduct involving dishonesty, deceit, and misrepresentation, which reflects adversely on his fitness to practice law. The respondent accepted a $7,500 retainer from Frieda Lipman in or about April 1989, in connection with an estate matter. On or about November 19, 1990, the respondent participated in a fee arbitration proceeding with Mrs. Lipman under the auspices of the Committee on Arbitration of the Brooklyn Bar Association. With the consent of Mrs. Lipman, the respondent stipulated that he would repay the sum of $5,500 within one week following the hearing date. The respondent failed to repay Mrs. Lipman.

Charge Six alleged that the respondent neglected a legal matter entrusted to him. In or about March 1989, the respondent was retained to represent Madalena Fusco in connection with her claim for personal injuries sustained in a fall in front of a Met Food store. A summons and complaint were served upon Met Food on or about April 13, 1989. Met Food thereafter served the respondent with an answer and various discovery demands, including a demand for a verified bill of particulars. The respondent failed to serve a bill of particulars.

On or about November 29, 1989, the respondent agreed to a conditional order of preclusion unless a bill of particulars was provided within 30 days. By order dated August 10, 1990, the complaint was dismissed on the basis of the plaintiff's failure to serve a bill of particulars. A judgment of dismissal was entered on or about October 11, 1990.

Charge Seven alleged that the respondent engaged in conduct adversely reflecting on his fitness to practice law and prejudicial to the administration of justice. On May 7, 1990, the petitioner sent the respondent a letter, furnishing him with a copy of a complaint against him, received from Sidney Sherwin, Esq. The respondent was directed to submit a written answer to said complaint within 10 days. The respondent made no reply to that letter or to a follow-up letter of June 8, 1990.

On June 12, 1990, the petitioner sent the respondent a letter, informing him that an investigation had been com-

menced, *sua sponte,* based upon his alleged failure to cooperate in the investigation of the Sherwin complaint. Although the respondent was directed to submit written answers to both allegations within 10 days, he failed to submit any answers.

On July 27, 1990, the petitioner sent the respondent another follow-up letter, requesting his written answers to the allegations. The respondent again failed to submit any answers.

By order of this Court dated April 3, 1991, the respondent was suspended on default, based upon his continuing failure to cooperate with the Grievance Committee.

Charge Eight alleged that the respondent, subsequent to his suspension on default, engaged in conduct adversely reflecting on his fitness to practice law and prejudicial to the administration of justice. On June 27 and July 9, 1991, the petitioner sent the respondent letters, furnishing him with copies of complaints against him by Charles Campagnale and Diya Obeid, respectively, and directing him to respond within 10 days. Follow-up letters were sent on August 15, 1991, again requesting the respondent's written answers. The respondent failed to submit written answers.

After reviewing all of the evidence adduced, including the respondent's admissions, we find that the Special Referee properly sustained all eight charges of professional misconduct against the respondent.

In determining an appropriate measure of discipline to impose, the respondent asks the Court to consider, in mitigation, his severe cocaine addiction and its destructive effect on his life. While the respondent's addiction is obviously a significant contributing cause of his problems, it does not excuse his serious professional misconduct. In light of the respondent's prior unsuccessful efforts at rehabilitation and his admission, at the hearing, that he had relapsed into cocaine use approximately two months prior to the date of his testimony, we conclude that the respondent's continued practice of law would pose a threat to the public interest. Accordingly, the respondent is disbarred.

SULLIVAN, J. P., BALLETTA, ROSENBLATT, MILLER and EIBER, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, R. Scott Daly, is disbarred and

his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent, R. Scott Daly, is commanded to continue to desist and refrain (1) from practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.