344

[729 NYS2d 744]

In the Matter of TERRENCE L. BUTLER (Admitted as TERRENCE LAMONT BUTLER), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, August 27, 2001

### APPEARANCES OF COUNSEL

*Diana Maxfield Kearse,* Brooklyn (*Diana Szochet* and *Robert J. Saltzman* of counsel), for petitioner.

*Edwards & Angell, L. L. P.,* New York City (*Hal R. Lieberman* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

The Grievance Committee served the respondent with a petition dated September 1, 1999, containing 10 charges of professional misconduct against him. Charges Two and Three of the petition were withdrawn by stipulation of the parties dated August 14, 2000. The Special Referee sustained the remaining eight charges after a hearing. The Grievance Committee now moves to confirm the report of the Special Referee and to impose such discipline upon the respondent as the Court deems appropriate. The respondent cross-moves to disaffirm the report of the Special Referee insofar as it fails to make any findings in mitigation of his misconduct, notwithstanding substantial evidence produced at the hearing and the respondent's request for such findings in mitigation.

The charges of the petition are predicated upon a common set of factual allegations.

The petition alleges that in or about 1993, the respondent had a relationship with Reverend Jerry West, principal of an

organization known as Christian Services, whereby he performed legal services for West and/or Christian Services and received referrals of legal business. At that time, West engaged the respondent to represent Frances and Eugene Hannah in connection with the refinancing of their home, which was about to be foreclosed. The respondent met the Hannahs for the first time at the closing. West and/or Christian Services had a financial interest in the Hannah transaction. The respondent failed to disclose to the Hannahs his relationship with Reverend West and/or Christian Services, which affected his professional judgment on behalf of the Hannahs.

In or about 1993-1994, the respondent maintained an IOLA account at National West Bank into which he deposited both funds entrusted to him as a fiduciary, incident to his practice of law, as well as personal funds and/or legal fees due and owing to him. The respondent made ATM withdrawals from his National West account to pay for personal expenses.

The respondent opened an IOLA account at Chemical (Chase) Bank in or about May 1996. He deposited into that account both funds entrusted to him as a fiduciary, incident to his practice of law, and personal funds and/or legal fees due and owing to him. The respondent drew checks to cash from his Chemical (Chase) Bank IOLA account to pay for personal expenses.

On or about April 27, 1998, the respondent deposited into that account a check in the sum of $20,000 payable to him as attorney on behalf of Dupont Funding. The respondent was entrusted with those funds as a fiduciary, incident to his practice of law, and was required to maintain that deposit intact between April 27 and April 30, 1998. On April 30, 1998, the balance in the respondent's Chemical (Chase) Bank IOLA account was depleted to $18,993.26, below the amount which the respondent was required to maintain therein.

The respondent opened an escrow/client funds management account at Chase Bank in or about March 1998. Between March 1998 and April 1999, the respondent deposited into that account funds entrusted to him as fiduciary, incident to his practice of law. Between March 1998 and April 1999, the respondent drew checks on that account to pay for personal expenses. Between September 1998 and December 1998, that account was overdrawn on three occasions in the following amounts: (1) on September 16, 1998, $130; (2) on October 29, 1998, $60; and (3) on December 4, 1998, $6.

On or about April 5, 1999, the respondent deposited North Fork Bank mortgage account disbursement check No. 49468,

in the sum of $5,000 payable to the respondent, as attorney, with the notation "Vazquez," into his Chase Bank escrow/client funds management account. The respondent was entrusted with those funds as a fiduciary, incident to his practice of law, and was required to maintain the $5,000 on deposit between April 5 and April 22, 1999. On April 22, 1999, the balance in that account was depleted to $2,080.30, below the amount he was required to maintain.

Since approximately 1993, the respondent has failed to maintain a ledger book or similar record of deposits into and withdrawals from his IOLA/escrow/client funds management accounts, as required by Code of Professional Responsibility DR 9-102 (22 NYCRR 1200.46).

On or about April 24, 1996, October 22, 1996, and December 30, 1998, the respondent filed biennial registration statements with the New York State Office of Court Administration (OCA) in which he falsely affirmed that he had read and was in compliance with Code of Professional Responsibility DR 9-102 (22 NYCRR 1200.46) pertaining to the maintenance of attorney accounts.

Charge One alleges that the respondent failed to exercise independent professional judgment on behalf of a client, in violation of Code of Professional Responsibility DR 5-101 (a) (22 NYCRR 1200.20 [a]). By stipulation of Grievance Counsel and the respondent's counsel dated August 14, 2000, the respondent admitted Charge One in its entirety, based upon the first six factual allegations of the petition, as amended by that stipulation.

Charge Four alleges that the respondent improperly commingled funds entrusted to him as a fiduciary, incident to his practice of law, with his business and/or personal funds, in violation of Code of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46 [a]).

Charge Five alleges that the respondent improperly drew on his attorney IOLA account(s), checks payable to "cash" and made cash withdrawals, in violation of Code of Professional Responsibility DR 9-102 (e) (22 NYCRR 1200.46 [e]), in relation to his National West Bank and Chemical (Chase) Bank IOLA accounts.

Charge Six alleges that the respondent converted funds entrusted to him as a fiduciary, incident to his practice of law, in violation of Code of Professional Responsibility DR 9-102 (22 NYCRR 1200.46), in relation to his Chemical (Chase) IOLA account.

Charge Seven alleges that the respondent converted funds entrusted to him as a fiduciary, incident to his practice of law, in violation of Code of Professional Responsibility DR 9-102 (22 NYCRR 1200.46), in relation to his Chase Bank escrow/client funds management account.

Charge Eight alleges that the respondent failed to properly safeguard funds entrusted to him as a fiduciary, incident to his practice of law, in violation of Code of Professional Responsibility DR 9-102 (22 NYCRR 1200.46), in relation to the Chase Bank escrow/client funds management account.

Charge Nine alleges that the respondent failed to maintain a ledger book or similar record of deposits into and withdrawals from his IOLA and/or escrow account(s), in violation of Code of Professional Responsibility DR 9-102 (d) (1) and (2) (22 NYCRR 1200.46 [d] [1], [2]), in relation to all three accounts.

Charge Ten alleges that the respondent filed a false certification with OCA, in violation of Code of Professional Responsibility DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]).

Based on the respondent's admissions and the evidence adduced, the Special Referee properly sustained the remaining eight charges. The petitioner's motion to confirm the Special Referee's report is granted. The petitioner's motion to disaffirm on the grounds that the Special Referee failed to make any findings in mitigation is denied.

In determining an appropriate measure of discipline to impose, the respondent urges the Court to consider that he has been drug free for a substantial period of time and that, without a doubt, the misconduct at issue is directly attributable to his cocaine addiction. The respondent recognizes that he will be "suspended from practice for a substantial period of time for his serious misconduct," which he makes no attempt to minimize, but submits that the mitigating circumstances warrant a penalty less severe than outright disbarment.

While a respondent's addiction is obviously a significant contributing cause of his problems, it does not excuse his serious professional misconduct (see, Matter of Daly, 191 AD2d 127, 130). The fact remains that the respondent has a long history of severe cocaine dependence from which he has been in remission since June 1999 and for which he used his law practice as the primary source of funding.

The respondent's prior disciplinary history consists of a letter of caution dated June 22, 1995, for failing to timely reregister with OCA; an admonition dated May 20, 1999, also

for failing to timely reregister; and a second admonition dated May 20, 1999, for neglecting a legal matter entrusted to him, failing to promptly return an unearned fee, and failing to timely satisfy a judgment against him.

Notwithstanding the mitigation offered and the respondent's efforts at rehabilitation, the totality of circumstances warrants his disbarment.

BRACKEN, P. J., O'BRIEN, RITTER, SANTUCCI and ALTMAN, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted, and the respondent's cross motion to disaffirm is denied; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Terrence L. Butler, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see, 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Terrence L. Butler is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.