[793 NYS2d 106]

In the Matter of ANDREW TOSCANO, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, April 11, 2005

**APPEARANCES OF COUNSEL**

*Diana Maxfield Kearse,* Brooklyn (*Diana J. Szochet* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

The Grievance Committee for the Second and Eleventh Judicial Districts (hereinafter the petitioner) served the respondent with a petition dated June 24, 2003, containing seven charges of professional misconduct. After a prehearing conference on October 15, 2003, and a hearing on January 12, 2004, at which the respondent appeared pro se, the Special Referee sustained all seven charges. The petitioner now moves to confirm the Special Referee's report and to impose such discipline upon the respondent as the Court deems appropriate. The respondent has neither cross-moved, submitted any response, nor requested additional time in which to do so. According to the report of the Special Referee, the respondent cannot be located since the hearings were held.

Charge One alleges that the respondent converted funds entrusted to him as fiduciary, in violation of Code of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46 [a]) and DR 1-102 (a) (4) and (7) (22 NYCRR 1200.3 [a] [4], [7]).

Between approximately September 2001 and May 2002, the respondent maintained an IOLA account at Citibank, entitled "Andrew Toscano, Esq., Attorney Trust—IOLA," into which he deposited funds entrusted to him as fiduciary, incident to his practice of law. On or about September 21, 2001, he received $5,500 in settlement funds on behalf of client Susan Riley in connection with a personal injury matter.

Between September 21, 2001, and October 19, 2001, the respondent was required to maintain at least $3,600 on deposit in his IOLA account on behalf of Ms. Riley. The account was depleted to $2,049.50 on October 9, 2001.

Charge Two alleges that the respondent converted funds entrusted to him as a fiduciary, incident to his practice of law, in violation of Code of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46 [a]) and DR 1-102 (a) (4) and (7) (22 NYCRR 1200.3 [a] [4], [7]).

On or about November 6, 2001, the respondent received settlement funds on behalf of client Charnette Banks in connection with a personal injury matter. Between November 6, 2001, and December 18, 2001, he was required to maintain at least $5,766.05 on deposit in his IOLA account on behalf of Ms. Banks. The account was depleted to $18.30 on November 29, 2001.

Charge Three alleges that the respondent improperly withdrew cash from his IOLA account, in violation of Code of Professional Responsibility DR 9-102 (e) (22 NYCRR 1200.46 [e]) and DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

Between September 24, 2001, and February 19, 2002, the respondent made approximately 76 cash withdrawals from his IOLA account.

Charge Four alleges that the respondent failed to maintain required bookkeeping records, in violation of Code of Professional Responsibility DR 9-102 (d) (22 NYCRR 1200.46 [d]) and DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

Between September 2001 and May 2002, the respondent failed to maintain a ledger book or similar record of deposits into and withdrawals from his IOLA account.

Charge Five alleges that the respondent failed to maintain and/or produce required bookkeeping records, in violation of Code of Professional Responsibility DR 9-102 (d) and (i) (22 NYCRR 1200.46 [d], [i]) and DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

Between September 2001 and May 2002, the respondent failed to maintain all checkbooks, check stubs, bank statements, prenumbered cancelled checks, and duplicate deposit slips with respect to his IOLA account. Between approximately July 3, 2002, and January 3, 2003, the respondent failed to produce the aforesaid bookkeeping records as directed by the petitioner.

Charge Six alleges that the respondent failed to properly maintain his attorney registration, in violation of Code of Professional Responsibility DR 1-102 (a) (5) and (7) (22 NYCRR 1200.3 [a] [5], [7]), Rules of the Chief Administrator of the Courts (22 NYCRR) § 118.1 (b) and Judiciary Law § 468-a (1) and (2).

As an attorney admitted to practice since approximately 1994, the respondent was required to file a registration statement with the Office of Court Administration (hereinafter OCA) on a biennial basis and to pay a registration fee. From 2000 through the present, he has failed to reregister as an attorney with OCA.

Charge Seven alleges that the respondent failed to cooperate with the petitioner, in violation of Code of Professional Responsibility DR 1-102 (a) (5) and (7) (22 NYCRR 1200.3 [a] [5], [7]) and 22 NYCRR 691.4.

On August 5, 2002, the petitioner forwarded to the respondent a copy of the complaint of Harvey Friedman, Esq. and requested his answer within 10 days. No answer was received. On August 27, 2002, the petitioner forwarded additional letters by certified and regular mail, directing the respondent to submit an answer within 10 days, and on August 29, 2002, the respondent was personally given a copy of the complaint at the petitioner's offices.

Although the respondent was repeatedly directed to submit an answer within 10 days, no answer was received until November 14, 2002, after an investigation was commenced into the respondent's alleged failure to cooperate. At the disciplinary hearing conducted on January 12, 2004, the respondent admitted to the allegations of all of the charges.

On August 5, 2002, the petitioner forwarded to the respondent a sua sponte inquiry concerning his failure to reregister as an attorney with OCA. The respondent failed to comply with the petitioner's directive to register forthwith and to submit proof of compliance within 30 days. On September 24, 2002, the petitioner forwarded additional letters to the respondent via certified and regular mail. He failed to comply with the directive that he reregister and provide proof of compliance within 10 days.

In view of the respondent's admissions and the evidence adduced, the Special Referee properly sustained all seven charges, and the motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, the petitioner notes that the respondent was issued a letter of caution on November 20, 2002, for neglecting a legal matter entrusted to him, and an admonition also dated November 20, 2002, for failing to cooperate with the petitioner. The respondent advanced in mitigation his testimony regarding his mental illness and his drug and alcohol addiction. Although the respondent allegedly commenced a rehabilitation program in or about November 2003 and testified at the disciplinary hearing that he attends meetings regularly, he failed to substantiate those claims. No corroborating evidence of the respondent's progress was offered. Given the nominal length

and extent of treatment, evidence of progress is limited, at best. While the respondent may be well-intentioned in his efforts to overcome his long-standing addiction to drugs and alcohol, there is an absence of evidence to establish that he can necessarily sustain a long-term drug and/or alcohol-free lifestyle.

In *Matter of Butler* (285 AD2d 344 [2001]), the respondent was disbarred based on eight charges of professional misconduct, including escrow violations and failure to maintain proper records, notwithstanding evidence that his long history of severe cocaine dependence was in remission. The Court notes that while the respondent's addiction was obviously a significant contributing cause of his problems, it does not excuse his professional misconduct.

In view of the respondent's serious professional misconduct, he is disbarred.

PRUDENTI, P.J., FLORIO, H. MILLER, RITTER and SANTUCCI, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that, pursuant to Judiciary Law § 90, effective immediately, the respondent, Andrew Toscano, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Andrew Toscano, shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Andrew Toscano, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Andrew Toscano, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).