[923 NYS2d 587]

In the Matter of JAE-BUM CHUNG (Admitted as JAE-B CHUNG), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND, ELEVENTH, AND THIRTEENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, May 10, 2011

## APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Susan Korenberg* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts (hereinafter the Grievance Committee) served the respondent with a petition dated November 24, 2009 containing three charges of professional misconduct. After a hearing on July 14, 2010, at which the respondent appeared pro se, the Special Referee sustained all three charges. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline as the Court deems appropriate. The respondent has neither cross-moved nor interposed any papers in response to the Grievance Committee's motion.

Charge one alleges that the respondent failed to properly safeguard funds that had been entrusted to him as a fiduciary, incident to his practice of law, in violation of Code of Professional Responsibility DR 9-102 (a) and DR 1-102 (a) (7) (22 NYCRR 1200.46 [a]; 1200.3 [a] [7]).

The respondent maintained an attorney escrow account at TD Bank (formerly Commerce Bank) entitled "Law Office of Jae-Bum Chung, Attorney Trust Account." Between December 2007 and September 2008, funds entrusted to the respondent as a fiduciary, incident to his practice of law, were deposited into that escrow account. During that interval, the respondent made repeated unauthorized withdrawals from his escrow account for his own use and benefit.

Charge two alleges that the respondent improperly commingled his personal funds with funds entrusted to him as a fiduciary, incident to his practice of law, in violation of Code of Professional Responsibility DR 9-102 (a) and DR 1-102 (a) (7) (22 NYCRR 1200.46 [a]; 1200.3 [a] [7]).

Between December 2007 and September 2008, the respondent deposited personal funds into his escrow account in addition to funds entrusted to him as a fiduciary.

Charge three alleges that the respondent failed to maintain required bookkeeping records for his attorney escrow account, in violation of Code of Professional Responsibility DR 9-102 (d) and DR 1-102 (a) (7) (22 NYCRR 1200.46 [d]; 1200.3 [a] [7]).

Between December 2007 and September 2008, the respondent failed to: maintain records of all deposits in and withdrawals from his escrow account, retain copies of all retainer and compensation agreements with clients, maintain copies of all statements to clients or other persons showing the disbursement of funds to them or on their behalf, maintain copies of all bills rendered to clients, maintain a checkbook, check stubs, bank statements, or copies of duplicate deposit slips for his escrow account, and maintain a ledger book or similar record for his escrow account.

Inasmuch as the charges are totally uncontroverted, the Special Referee properly sustained all the charges. Accordingly, the motion to confirm the Special Referee's report is granted.

The respondent's disciplinary history consists of an admonition received on May 20, 1998 for failing to reregister as an attorney.

In mitigation, the respondent testified at the hearing that no client ever complained that they were shortchanged money. The sole purpose of his escrow account was to safeguard clients' funds between execution of the contract and the closing. When the time for a closing came, he deposited either his own personal funds or funds that he borrowed from others so that clients were paid the full amounts due them.

The Special Referee concluded his report as follows: "Despite respondent's remorse, he remains a drug addict whose plans to seek Bar Assistance are unconvincing, and unfortunately, appear to be nothing more than a manufactured effort to manipulate the process with rhetoric at the twenty-fourth hour."

Absent evidence of the respondent's continued abstinence from drugs and/or alcohol or efforts on his part to enroll in a court-approved lawyers' assistance program, the respondent poses a substantial threat to the public notwithstanding his claims that he is no longer practicing law.

Under the totality of circumstances, the respondent is disbarred, effective immediately.

PRUDENTI, P.J., MASTRO, RIVERA, SKELOS and AUSTIN, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that, pursuant to Judiciary Law § 90, effective immediately, the respondent, Jae-Bum Chung, admitted as Jae-B Chung, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Jae-Bum Chung, admitted as Jae-B Chung, shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Jae-Bum Chung, admitted as Jae-B Chung, is commanded to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Jae-Bum Chung, admitted as Jae-B Chung, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).