[993 NYS2d 319]

In the Matter of JAMES G. CARROLL, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, July 23, 2014

**APPEARANCES OF COUNSEL**

*Robert A. Green*, Hauppauge (*Mitchell T. Borkowsky* of counsel), for petitioner.

*James G. Carroll*, Center Moriches, respondent pro se.

**OPINION OF THE COURT**

Per Curiam.

The Grievance Committee for the Tenth Judicial District served the respondent with a verified petition dated October 11, 2012, containing five charges of professional misconduct. After a hearing, the Special Referee sustained all five charges. The Grievance Committee now moves to confirm the Special Referee's report, and to impose such discipline upon the respondent as this Court deems just and proper. The respondent opposes the Grievance Committee's motion and cross-moves to disaffirm the Special Referee's report. The respondent also requests that he be reinstated as an active member of the bar.

Charge one alleges that the respondent misappropriated funds entrusted to him as a fiduciary for his own use and benefit, in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.15 (a). The respondent maintained an escrow account at Citibank, denominated "James G. Carroll, Attorney Trust Account IOLA," bearing account No. XXXXX940. In or about November 2010, the respondent represented Jet Provisions, LLC (hereinafter Jet Provisions), in a proposed sale of a truck delivery route to Robert Rios. As part of the proposed transaction, Rios was granted a 21-day due diligence period to, among other things, accompany the principal of Jet Provisions on the route and review financial documents and customer lists. On or about November 17, 2010, Rios and the respondent executed an "Escrow Agreement," under which $10,000 was to be entrusted to the respondent "as [a] deposit for the purchase from Jet Provisions, LLC of the route." The escrow agreement provided, in part, as follows:

"Upon completion of Purchasers [sic] due diligence, not to exceed 21 days, and in the event Purchaser wishes to proceed with the purchase of the Route, the parties shall negotiate the purchase agreement and enter into a formal contract.

"In the event the Purchaser does not wish to proceed with the purchase of the Route, the Down Payment will be promptly refunded and neither party will have any obligation to the other, except as described above."

On or about November 17, 2010, the respondent received a check from Rios in the amount of $10,000, representing the deposit under the escrow agreement (hereinafter the Rios Funds). That same day, the respondent deposited the $10,000 check into his escrow account at Citibank.

Between in or about November 17, 2010 and February 1, 2011, the respondent misappropriated the Rios Funds by drawing checks payable to himself against the escrow account and either cashing them or depositing them into his operating account. The respondent did not have Rios's permission to utilize the Rios Funds for his own use and benefit.

Charge two alleges that the respondent misappropriated client funds entrusted to him as a fiduciary for his own use and benefit, in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.15 (a). In or about May 2010, the respondent undertook to represent Nicole McDonald and Stephen Alexander in the purchase of a home. The seller in the transaction was facing foreclosure and was trying to work out a "short sale." In connection with their purchase, McDonald and Alexander delivered a down payment check for $8,000 to the seller's attorney, Craig H. Augi. In or about January 2011, McDonald and Alexander decided to withdraw from the transaction and were then entitled to the return of their $8,000 down payment. On or about February 17, 2011, the respondent received an $8,000 check from Augi, payable "to the order of Nicole McDonald" and referenced "Return of Down Payment Russo to Alexander and McDonald" (hereinafter the McDonald Funds). That same day, the respondent deposited the McDonald Funds into the escrow account. Between February 17, 2011 and May 6, 2011, the respondent misappropriated the McDonald Funds by drawing checks payable to himself against the escrow account and either cashing them or depositing them into his operating account. The respondent did not have McDonald's or Alexander's

permission to utilize the McDonald Funds for his own use and benefit. On or about April 2, 2011, when the respondent should have been maintaining and preserving no less than $18,000 on behalf of Rios and McDonald/Alexander, the balance in the escrow account was $203.78.

Charge three alleges that the respondent failed to promptly pay or deliver to his clients, McDonald and Alexander, funds in his possession that they were entitled to receive, in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.15 (c) (4). In addition to the factual specifications of charge two, commencing on or about February 18, 2011, the respondent sent numerous emails, either to McDonald or Alexander, acknowledging their entitlement to receive the McDonald Funds and promising to remit the same. Commencing on or about the same date, either McDonald or Alexander sent numerous emails to the respondent requesting those funds. The respondent failed to remit the requested funds to McDonald and/or Alexander until May 6, 2011.

Charge four alleges that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation, in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.4 (c). In addition to the factual specifications of charges two and three, between February 18, 2011 and May 6, 2011, the respondent sent numerous emails to either McDonald or Alexander purportedly explaining why he had not yet remitted the McDonald Funds to them. In those emails, the respondent made, inter alia, the following representations:

- The Post Office had inexplicably returned the envelope containing the check he had mailed to them;
- The returned envelope and check were inadvertently shredded by his office, and he was awaiting a replacement check from Augi;
- Augi's office was delaying in issuing a replacement check;
- The respondent was "out of town," and his mail was being held at the Post Office; and
- The respondent had deposited the replacement check and was waiting for it to clear before remitting the funds to McDonald and Alexander.

The respondent's representations in his emails to either McDonald or Alexander were false, as he knew or should have

known that he did not have the funds on deposit in his escrow account.

Charge five alleges that the respondent engaged in conduct adversely reflecting on his fitness as a lawyer based upon the factual specifications of charges one through four, in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.4 (h).

In view of the respondent's admissions, and the evidence adduced at the hearing, we conclude that the Special Referee properly sustained all five charges. Accordingly, the Grievance Committee's motion to confirm the Special Referee's report is granted, and the respondent's cross motion is denied.

In determining an appropriate measure of discipline to impose, we note that the respondent expressed remorse, and testified that he has made full restitution of all misappropriated funds. Moreover, the respondent was forthcoming regarding his severe addiction to prescription painkillers, for which he proffered evidence that he had recently completed a course of treatment with Suboxone. However, the respondent failed to establish a likelihood of long-term, sustained rehabilitation, particularly in the absence of Suboxone. As such, he continues to pose a substantial threat to the public (*see e.g. Matter of Jae-Bum Chung*, 85 AD3d 74 [2011]). Additionally, while the respondent's addiction is obviously a significant contributing cause of his problems, it does not excuse his serious professional misconduct (*see Matter of Butler*, 285 AD2d 344 [2001]; *Matter of Daly*, 191 AD2d 127 [1993]). Under the totality of the circumstances, the respondent is disbarred.

ENG, P.J., MASTRO, RIVERA, SKELOS and CHAMBERS, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted, and the respondent's cross motion is denied; and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent, James G. Carroll, is disbarred, effective immediately, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, James G. Carroll, shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent, James G. Carroll, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal

or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, James G. Carroll, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).